IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEVIN ALLEN,<br><br>      Plaintiff,<br><br>v.<br><br>JEANNE M. ROBISON,<br><br>      Defendant. | **MEMORANDUM DECISION &**<br>**DISMISSAL ORDER**<br><br><br>Case No. 2:15-CV-331 TS<br><br>District Judge Ted Stewart |

    Plaintiff, Devin Allen, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2017), proceeding *in forma pauperis*. *See* 28 *id.* § 1915. The Complaint is now before the Court for screening. *See id.* § 1915(e). Plaintiff's claims against the judge who presided over his criminal trial cite "a pattern of judicial misconduct and prosecutorial misconduct" in attacking the constitutionality of his conviction.

**Screening Analysis**

**A. Standard of Review**

    This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a

complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Judicial Immunity

Plaintiff's Complaint alleges what appear to be claims of unconstitutional criminal conviction. These are brought against the state-court judge presiding over his trial. It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, No. 08-1466, 2009 U.S. App. LEXIS 10152, at *4 (10th Cir. May 11, 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Regarding the claims at issue here, this judge appears to have been acting in her judicial capacity in presiding over this case, so her actions are entitled to absolute immunity. *See Doran v. Sanchez*, No. 08-2042, 2008 U.S. App. LEXIS 17987, at *2 (10th Cir. Aug. 19, 2008) (unpublished).

### C. *Heck*

The Supreme Court said in *Heck* "that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed

on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendant violated his constitutional rights during state criminal proceedings. These arguments attack Plaintiff's underlying conviction. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it would. If this Court were to conclude that Plaintiff's constitutional right were violated in a prejudicial manner, it would be stating that Plaintiff's conviction and sentence were not valid.

Thus, this complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has not happened. The Court must thus dismiss Plaintiff's complaint.

Finally, Plaintiff's requests to have his conviction invalidated and for release from incarceration may be properly raised only in a habeas corpus petition.

**ORDER**

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2017), for failure to state a claim on which relief may be granted. And, neither liberal interpretation of Plaintiff's claims nor opportunity to amend would lead to a different result.

DATED this 4th day of May, 2017.

BY THE COURT:

_____
TED STEWART
United States District Judge